# Kaufmann, Appellant, *v*. Philadelphia.

*Road law— Widening street—Title to land—Dedication—Deed—Damages.*

1. Where a lot 137 feet deep abuts on a street sixty-six feet wide, and the city by ordinance widens the street to seventy-two feet, by taking a three feet wide strip on each side, but providing that existing buildings shall not be affected until altered or re-built, and thereafter the owner conveys the land by deed in which it is described as 134 feet deep on a seventy-two feet wide street, and the grantee in turn conveys the land by the same description to another person, such third grantee can claim no damages for the widening when he re-builds according to the building line of the widened street. In such a case the first deed made the three feet wide strip a part of the street as effectually as a formal dedication to the use of the public could have made it.

2. The fact that the coping and steps of the building extended onto the strip of land included in the widening of the street is unimportant as affecting the rights of the parties, if the encroachment was not beyond the limits of the usual permissive use of city streets.

Argued Jan. 10, 1912. Appeal, No. 13, Jan. T., 1911, by plaintiffs from order of C. P. No. 3, Phila. Co., June T., 1905, No. 2168, refusing to take off non-suit in case of Morris A. Kaufmann, et al., Executors, Etc. v. City of Philadelphia. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Appeal from award of jury of view. Before DAVIS, J.

At the trial the plaintiff made the following offer:

"Mr. Carr: I offer to prove by this witness that, in accordance with the Ordinance of 1886, he, as the surveyor of the third district, in which this property is located, prepared a plan of the street, showing the buildings that would be affected by the widening; that the plan so prepared by him shows that the property on the southwest corner of Thirteenth and Arch streets and the buildings thereon were affected by the widening;

that on the three foot portion of the property between
134 feet and 137 feet there was erected a portion of the
building which was there prior to the Ordinance of 1886;
that the plan shows that this portion of the building
would be affected by the taking of the three feet neces-
sary in the widening; this to be followed by other testi-
mony showing that the plaintiffs, when given possession
of the property, had possession of the whole 137 feet,
and continued in that possession until they began to
rebuild, when, in accordance with the Ordinance of
1886, they had to recede three feet, that is, they were
given the building line as 36 feet from the center of the
street. I also offer to prove by other witnesses that this
portion of three feet of the lot is of great value, and was
worth at the time of the taking over $5,000.

"Mr. Gibbons: This offer is objected to, because the
deed offered in evidence on behalf of the plaintiffs re-
cites the property purchased as follows: 'All that cer-
tain lot or piece of ground, with the buildings and im-
provements thereon erected, described according to a
survey made thereof by W. C. Cranmer, surveyor and
regulator of the third survey district of the city of Phil-
adelphia, on the 9th day of October, A. D. 1895, as fol-
lows, to-wit: Situate on the south side of Arch street
(as widened to the width of 72 feet) and west side of
Thirteenth street, in the ninth ward of the city of Phila-
delphia, containing in front or breadth on the said Arch
street 60 feet and extending of that width in length or
depth southward along the west side of said Thirteenth
street 134 feet to the north side of Cuthbert street,
bounded northwardly by the said Arch street, eastward
by said Thirteenth street, southward by said Cuthbert
street and westward by ground now or late of William
Sansom,' said deed being dated February 17, 1902, and
recorded in Deed Book W. S. V. No. 35, page 198.

"The Court: It appears from the deed of the St.
George's Hall Society to Henry Charles Lea, dated De-
cember 23, 1895, that the grantee in that deed took title

to a lot of ground 134 feet in depth, fronting on Arch street as widened to the width of 72 feet. This description is carried in the deed from Henry Charles Lea to Morris Liveright and Benjamin F. Greenwald, dated February 17, 1902, the grantees in that deed being the plaintiffs in the case at bar. It would seem, therefore, that the plaintiffs did not take title under the deed from Lea to Liveright and Greenwald to the three feet of ground for which they now claim compensation, by reason of the alteration of the building and the widening of Arch street to the width of 72 feet, as set forth in the Ordinance of 1886. For these reasons I sustain the defendant's objection.

Exception for plaintiffs. [3]

The court entered a compulsory **non-suit which it subsequently refused to take off.

*Errors assigned* were (1) refusal to take off non-suit and (3) ruling on evidence quoting the bill of exceptions.

*William A. Carr,* with him *W. Horace Hepburn* and *Sidney L. Krauss,* for appellants.—Appellants took title to the three foot portion of the ground with the portion of the improvements thereon erected. According to the rule of law announced in all the cases, a conveyance of land bounded on a street gives to grantee a title to the middle of the street if the grantor himself had a title to it, and did not expressly or by clear implication reserve it: Paul v. Carver, 24 Pa. 207; Fitzell v. Philadelphia, 211 Pa. 1; Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92.

The mention in a deed, by name, of a street which is upon the city plan, but unopened, does not amount to a dedication to the public use of the grantors' title to the soil of the street: Forbes St., 70 Pa. 125; Brooklyn St., 118 Pa. 640; Neely v. Philadelphia, 212 Pa. 551.

*Henry J. Gibbons,* assistant collector, with him *Edwin O. Lewis,* assistant city solicitor, and *Michael J. Ryan,* city solicitor, for appellee.—Appellants are estopped by prior dedication in this case. This dedication is proved by appellants themselves in the three deeds offered by them to show the chain of title: Griffin's Appeal, 109 Pa. 150; Weiss v. So. Bethlehem Borough, 136 Pa. 294; Richardson v. McKeesport, 18 Pa. Super. Ct., 199; Cotter v. Philadelphia, 194 Pa. 496.

Where a property owner draws back his property line, the abandoned space comes under the jurisdiction of the municipality for all its future use, public or otherwise, if no reservation is made by the donor: Bornot v. Bonschur, 202 Pa. 463; Waters v. Philadelphia, 208 Pa. 189; Forsythe v. Philadelphia, 211 Pa. 147; Higgins v. Sharon Borough, 5 Pa. Super. Ct. 92; Munn v. Sharon Borough, 5 Pa. Super Ct. 103; Richardson v. McKeesport, 18 Pa. Super. Ct. 199; Story St., 11 Phila. 456; Wickham v. Twaddell, 25 Pa. Super. Ct. 188; Carroll v. Asbury, 28 Pa. Super. Ct. 354; Forsythe v. Philadelphia, 211 Pa. 147; Bornot v. Bonschur, 202 Pa. 463.

OPINION BY MR. CHIEF JUSTICE FELL, March 18, 1912:

Arch street, in the city of Philadelphia, was originally laid out and opened of the width of sixty-six feet. In 1886 the city by ordinance directed the widening of the street to seventy-two feet, three feet to be added to either side. The ordinance was not to apply at once to properties on which buildings were erected, but all new or altered buildings were to be placed back on the new line established. At that time the St. George's Hall Association was the owner of a lot with a building thereon, at the South-west corner of Arch and Thirteenth streets, sixty feet in front on Arch street, which was sixty-six feet wide, and extending south on the line of Thirteenth street, one hundred and thirty-seven feet. In 1895 the Association conveyed this lot to Henry C. Lea by deed, in which it was described as being on the South side of

Arch street as widened to the width of seventy-two feet
and containing in front or breadth on Arch street sixty
feet and extending of that width southward along the
west side of Thirteenth street one hundred and thirty-
seven feet, bounded northward by said Arch street, and
eastward by the said Thirteenth street.   In 1902 Mr.
Lea conveyed the property by deed containing the same
description to the plaintiffs, who desiring to rebuild, re-
ceded three feet in accordance with the ordinance of
1886.   This proceeding was to recover the value of the
strip of ground three feet in width included in the street
by its widening.   At the trial a non-suit was entered.

The contention of the appellants is that under the
well established rule of law that a conveyance of land
bounded on a highway gives the grantee a title to the
middle of the highway, if the grantor himself had title
to it, and did not expressly or by clear implication re-
serve it, they acquired title to the strip of land three
feet wide on the Arch street front, and can recover of
the city the loss occasioned by being required to re-
cede three feet when they rebuilt.   This contention
could be sustained if they had bought a lot one hun-
dred and thirty-seven feet in depth, bounded by a street
sixty-six feet in width.   But in the deed to them and
the deed to their grantor, the lot is described as "situate
on the South side of Arch street, as widened to the
width of seventy-two feet," and the three feet taken
from the south side of the street is deducted from the
depth of the lot.   The right the plaintiffs acquired to
the land in question was to its use as part of the high-
way, in common with the general public, with the rever-
sionary right to the land as a part of the bed of the
street in the event that the street should be vacated.
This was all their grantor possessed and all that he
conveyed to them.   The St. George's Hall Association
in 1895 established a new line as the northern boundary
of its lot that conformed with the ordinance of 1886
and conveyed according to it.   As between the Asso-

ciation and its grantee the three feet at the northern end of its lot was made a part of the street, as effectually as a formal dedication to the use of the public could have made it: Bornot v. Bonschur, 202 Pa. 463; Forsythe v. Philadelphia, 211 Pa. 147. The plaintiffs, therefore, lost nothing and had no right to recover.

The fact that the coping and steps of the building extended onto the strip of land included in the widening of the street is unimportant as affecting the rights of the parties, since the encroachment was not beyond the limits of the usual permissive use of city streets.

The judgment is affirmed.